WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert P. Cottman, *et al.*, | No. CV-17-02045-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| David G. Naskrent, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs Robert P. Cottman, Michael A. Baker, Daniel L. Theobald, and Stephanie Harvey's[1] (collectively, "Plaintiffs") Motion to Proceed Conditionally as a Collective and Class Action (Doc. 26, Mot.), to which Defendants David G. Naskrent, Matthew J. Surma, Corrina Surma, Cory Lee Hughes, Corey B. Cleghorn, DPHC Enterprise Inc., and DHSC Enterprise Inc. (collectively, "Defendants") filed a Response (Doc. 38, Resp.) and Plaintiffs filed a Reply (Doc. 43, Reply). Although oral argument was requested, the Court finds the matter ripe for resolution such argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will grant in part and deny in part Plaintiffs' Motion.

**I.    BACKGROUND**

Defendants are the owners and managers of Rosati's Pizza ("Rosati's") located in Phoenix. Plaintiffs each worked at Rosati's as a pizza delivery driver at assorted points in

---

[1] Although not named as a Plaintiff in the Complaint, Harvey has since signed and filed her consent to become a party to the action. (Doc. 25-1.)

time during periods spanning October 2012 to December 2012 and from January 2014 to January 2017.

During Plaintiffs' time at Rosati's, Defendants required drivers to complete deliveries as assigned by Rosati's. Defendants did not pay its drivers an hourly salary. Instead, each driver received a standard fee per delivery in addition to any tip paid out by the customer. The delivery fee started at $2 during each driver's probationary period and increased to $3 after Defendants took the driver off probation. The fee increased once again in December 2016 to $3.25 per delivery.

After each driver was hired, he or she had to complete training, which consisted of ride-alongs with senior drivers; however, Defendants did not compensate new drivers for this time. Drivers used their own vehicles for deliveries, but were not reimbursed for mileage, fuel, or other costs incurred when delivering pizzas. When not delivering pizzas, Defendants required that Plaintiffs work in the restaurant—without additional pay—by answering phones, assisting customers, cleaning the dining room, and assisting with the preparation of food.

After completing their deliveries for the day, the delivery drivers returned to the restaurant to settle their payments for the day with the store manager or owner. If the cash that the driver received from customers during their deliveries did not cover the amount he earned in delivery fees, the manager pulled cash from the register to pay the difference.

Beginning in 2015, if the amount paid for food ordered through a third party website was less than that charged directly by Rosati's, Defendants deducted the difference from the tip of the driver delivering the food. Defendants additionally deducted the cost of an order from the drivers' day-end pay for credit card orders if the driver failed to take an imprint of the purchaser's card and if that card was subsequently declined after delivery. These policies frequently resulted in Rosati's drivers earning less than federal and state minimum wage. Additionally, Plaintiffs typically worked in excess of forty hours per week without overtime compensation.

On May 25, 2017, Plaintiffs filed a Hybrid Collective and Class Action Complaint in the Maricopa County Superior Court alleging violations of the Fair Labor Standards Act and minimum wage provisions of Arizona law. Defendants subsequently removed to this Court on June 26, 2017, on the basis of federal question jurisdiction. Plaintiffs now move to certify a collective action under the FLSA and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) for Plaintiffs' state law claims.

## II.  LEGAL STANDARD

### A.  FLSA Collective Action

Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). Among the FLSA's central provisions is its requirement that employers pay non-exempt workers at one and a half times the regular rate for any time worked in excess of forty hours in a single week. 29 U.S.C. § 207; *see Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1042 (2016).

The FLSA provides a mechanism—the "collective action"—through which workers can sue jointly for violations of its overtime compensation and other provisions. *See* 29 U.S.C. § 216(b). The collective action thus allows a representative plaintiff to bring suit on behalf of a group of workers who are "similarly situated," *see id.*, and thereby serves to (1) reduce the burden on plaintiffs through the pooling of resources, and (2) make efficient use of judicial resources by resolving common issues of law and fact together. *See Hoffman-La Rouche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). This mechanism, however, differs from the class action mechanism under Federal Rule of Civil Procedure 23. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Thus, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Id.* (internal citations omitted).

The decision as to whether a collective action is appropriate lies within the court's discretion. *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).

Before certifying an FLSA collective action, courts must evaluate whether the plaintiff has demonstrated that he or she and the proposed members of the collective action are "similarly situated." *Id.* To do so, courts in the Ninth Circuit follow a two-tiered approach. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d. 914, 925 (2010). First, and at issue here, is the "notice stage," during which courts determine based on pleadings and affidavits whether a collective action should be certified on a conditional basis. *Wynn*, 234 F. Supp. 2d at 1082; *see also Baughman v. Roadrunner Commc'ns LLC*, No. CV 12-565-PHX-SRB, 2012 WL 12937133 at *3 (D. Ariz. Sept. 27, 2012).

Conditional certification at this first stage requires a plaintiff to make "substantial allegations that the putative class members [are] subject to a single illegal policy, plan, or decision." *Leuthold*, 224 F.R.D. at 468. Because of the minimal evidence available to the Court at the pleading stage, the initial determination to certify is "based on a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Wynn*, 234 F. Supp. 2d at 1082. The evidence must only show that there is some "factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." *Colson*, 687 F. Supp. 2d at 926. While Plaintiff's burden is light, conditional certification at this first stage is not automatic. *Id.* at 925. At the second stage, after discovery and typically precipitated by a motion for decertification by the defendant, the court makes a more informed decision as to whether the claimants who have consented to sue are indeed "similarly situated." *Wynn*, 234 F. Supp. 2d at 1082.

### III.  ANALYSIS

#### A.  Certification of a Collective Action Under the FLSA

In the Complaint, Plaintiffs raise two separate claims under the FLSA. First, Plaintiffs allege that Defendants failed to pay Plaintiffs the legally required minimum wage. (Compl. ¶ 80.) Second, Plaintiffs allege that Defendants failed to properly compensate them for overtime hours worked. (Compl. ¶ 81.) Plaintiffs now request that the Court conditionally certify a collective action against Defendants pursuant to § 216(b)

of the Fair Labor Standards Act ("FLSA") as to each claim to include drivers employed by Rosati's since January 1, 2007. (Mot. Ex. E at 1–2.)

Plaintiffs have submitted declarations in support of the Motion that aver that Defendants did not pay an hourly salary but instead paid drivers cash per pizza delivered, often resulting in a salary below minimum wage. (Doc. 26-1, Mot. Ex. A, Cottman Decl. ¶ 3; Mot. Ex. B, Baker Decl. ¶ 3; Mot. Ex. C, Theobald Decl. ¶ 3; Mot. Ex. D, Harvey Decl. ¶ 3.) According to Plaintiffs, this policy applied to every delivery driver employed by Rosati's. Further, Defendants required that Plaintiffs—and all other drivers—use their own vehicles for deliveries without additional compensation for mileage, maintenance costs, insurance, and fuel. (Cottman Decl. ¶ 4; Baker Decl. ¶ 4; Theobald Decl. ¶ 4; Harvey Decl. ¶ 4.) Defendants attempt to dispute this through the submission of additional affidavits, but those affidavits do not actually serve to rebut the bulk of Plaintiffs' allegations. For example, although Naskrent's affidavit states that Rosati's required its drivers to execute independent contractor agreements, he does not indicate the number of drivers that purportedly signed the agreement and avers that no Plaintiff did in fact execute such an agreement.[2]

Similarly, Plaintiffs have introduced evidence to support the allegation that Defendants failed to compensate drivers for overtime hours worked. In their affidavits, Plaintiffs aver that Defendants failed to pay overtime wages. (Cottman Decl. ¶ 3; Baker Decl. ¶ 3; Theobald Decl. ¶ 3; Harvey Decl. ¶ 3.) These affidavits also allege that other drivers worked in excess of forty hours per week without overtime pay. (Cottman Decl. ¶ 3; Baker Decl. ¶ 3; Theobald Decl. ¶ 3; Harvey Decl. ¶ 3.) Such allegations are sufficient to establish that other delivery drivers are "similarly situated" at this early stage in the litigation. *See, e.g.*, *Wong v. HSBC Mort. Corp.*, 2008 WL 753889, at *2 (N.D. Cal.

---

[2] Defendants additionally submit a declaration titled "Affidavit for Rosati's Pizza," which consists of a series of yes or no questions answered by the affiant. (Doc. 38-1.) The Court affords the declaration no weight. Although signed by the purported affiant, Chico Perez, the declaration contains no foundation for Perez's statements nor does it even identify who Perez is. It is only in a footnote to Defendants' Response that Perez is ever identified as a Rosati's driver. (*See* Resp. at 5 n.3.)

Mar. 19, 2008) (finding declarations stating that plaintiffs "routinely worked more than 40 hours per week" sufficient to certify collective action).

Although Defendants argue that the policies at Rosati's changed over the course of the period of Plaintiffs' allegations, Plaintiffs need not show that every opt-in plaintiff endured an identical experience at this point in the litigation, but only that some binding "factual nexus" exists. *See Colson*, 687 F. Supp. 2d at 926. Plaintiffs have done so here, and the Court finds that there is sufficient evidence in the record to conclude that Plaintiffs and potential opt-in plaintiffs were victims of "a single decision, plan, or policy." *See Baughman v. Roadrunner Commc'ns LLC*, No. CV-12-565-PHX-SRB, 2012 WL 12937133, at *3 (D. Ariz. Sept. 27, 2012) (quoting *Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2009 WL 2046048 at *3 (D. Ariz. Jan. 22, 2009)). Thus, the Court will certify a collective action pursuant to § 216(b) of the FLSA.

The Court, however, will trim the scope of Plaintiffs' request. The FLSA imposes a two-year statute of limitations for actions brought to recover damages for an employer's failure to pay the federal minimum wage or overtime pay. *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016) (citing 29 U.S.C. § 255(a)). Where the plaintiff's claim arises from an employer's willful violation of the FLSA, the statute of limitations may be extended to three years. *Id.* Under the FLSA, "[a] new cause of action accrues at each payday immediately following the work period for which compensation is owed." *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007). Thus, a plaintiff may recover only for those violations occurring within the statute of limitations, even if the defendant's conduct also caused violations of the FLSA outside the statute of limitations. *See Lemley v. Graham Cty.*, No. CV-13-01221-TUC-CKJ, 2014 WL 11631714, at *6 (D. Ariz. May 16, 2014); *see also Knight v. Columbus*, 19 F.3d 579, 581 (11th Cir. 1994); *Ewer v. United States*, 63 Fed. Cl. 396, 400–01 (2004).

Plaintiffs in this matter filed their Complaint on May 24, 2017. Because Plaintiffs allege willful violations by Defendants,[3] they may recover only for those FLSA minimum

---

[3] In a footnote, Defendants argue that Plaintiffs fail to produce any evidence of a

- 6 -

wage or overtime claims which accrued on or after May 24, 2014. Accordingly, the Court will deny Plaintiff's Motion to the extent that it seeks to certify a collective action which includes drivers that were not employed by Rosati's on or after May 24, 2014.[4]

### B.     Certification of a Rule 23 Class for Plaintiffs' State Law Claims

Next, Plaintiffs request that the Court certify a class of delivery drivers—pursuant to Federal Rule of Civil Procedure 23(b)—to whom Defendants allegedly failed to pay minimum wage as required by the Arizona Minimum Wage Act, A.R.S. § 23-363 ("AMWA").[5]

Rule 23 permits a plaintiff to bring an action on behalf of members of a class if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4).[6] A plaintiff must also demonstrate that at least one of the conditions in Rule 23(b) is met. The plaintiff bears the burden of demonstrating compliance with Rule 23 by a preponderance of the evidence. *Conn. Retirement Plans & Tr. Funds v Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011); *Valenzuela v. Union Pac. R.R.*, No. CV-15-01092-PHX-DGC, 2017 WL 679095, at *1 (D. Ariz. Feb. 21, 2017) (adopting preponderance standard).

---

willful violation of the FLSA. (Resp. at 13 n.9.) However, "[a]t the pleading stage, a plaintiff need not allege willfulness with specificity." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013).

[4] This, however, does not necessarily mean that the claims of any opt-in plaintiff will be deemed timely if he or she was working at Rosati's on or after May 24, 2014. *See* 29 U.S.C. § 256

[5] Plaintiff's Motion also seeks Rule 23 certification as to Plaintiff's claim for violations of the Arizona Wage Act; however, the parties have since stipulated to dismissal of that claim. (*See* Doc. 51.)

[6] These factors are more frequently referred to as the requirements of "numerosity, commonality, typicality, and adequate representation." *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011).

Rule 23 operates as more than just "a mere pleading standard." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Instead, a plaintiff attempting to certify a putative class "must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.*; *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012) (requiring that the district court conduct a "rigorous analysis" prior to certifying Rule 23 class). When ruling on a motion to certify a class, courts may exert "greater evidentiary freedom" and consider evidence that may ultimately be inadmissible at trial. *See Sali v. Corona Regional Med. Ctr.*, 889 F.3d 623, 633 (9th Cir. 2018).

Although Plaintiffs' declarations may be sufficient to conditionally certify a collective action under the FLSA, those same declarations do not satisfy the more exacting standard required by Rule 23. In particular, Plaintiffs fail to demonstrate that "the class is so numerous that joinder of all members is impractical." To be sure, each Plaintiff states in his or her declaration that a class of 75 individuals exists, each of whom worked as a delivery driver at Rosati's at some point since 2007. (Cottman Decl. ¶ 7; Baker Decl. ¶ 7; Theobald Decl. ¶ 7; Harvey Decl. ¶ 7.) Yet, Rosati's collectively employed Plaintiffs for little more than three years out of the ten-year period that each professes to be knowledgeable about. Plaintiffs do not provide any additional foundation for their purported knowledge about the employment statistics at Rosati's during the seven years that no declarant worked there. Thus, the statements are devoid of any evidentiary value and must be rejected by the Court. Moreover, Plaintiffs have crafted the putative class without considering, or even acknowledging, the statute of limitations for actions brought pursuant to the AMWA, which may serve to further reduce the size of any purported class.[7]

---

[7] The AMWA largely mirrors the FLSA and requires that a plaintiff commence a civil action "no later than two years after a violation last occurs, or three years in the case of a willful violation"; however, a plaintiff may include violations that occurred prior to the statute of limitations running if part of "a continuing course of employer conduct" and if an act occurred within the statute of limitations. A.R.S. § 23-364.

- 8 -

In absence of these portions of Plaintiffs' declarations, the Motion does not contain any evidence as to the size of the putative class. Without any such evidence, Plaintiffs fail to satisfy the numerosity requirement of Rule 23.[8] *See* Fed. R. Civ. P. 23(a)(1). The Court thus denies Plaintiffs Motion to certify a Rule 23 class.

## IV.   CONCLUSIONS

As discussed above, the Court will grant Plaintiffs' Motion in part and permit Plaintiffs' claims under the FLSA to proceed as a collective action. The Court, however, denies the remainder of Plaintiffs' Motion—in particular, Plaintiffs' request to certify a Rule 23 class action for Plaintiffs' state law claims.

Plaintiffs have attached a proposed Notice of Opportunity to Opt-In to Lawsuit ("Notice") and an Opt-In Consent Form ("Consent") to their Motion to Certify. (Mot. Ex. E, F.) "The district court has discretion regarding the form and content of the notice." *Anderson v. Ziprealty, Inc.*, No. CV-12-0332-PHX-JAT, 2013 WL 1882370, at *4 (D. Ariz. May 3, 2013). The proposed notice must "provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Id.* (citations omitted). Defendants have not lodged any objection to the content of Plaintiff's proposed Notice and Consent forms; however, Plaintiffs must make several changes to incorporate the substance of the Court's Order.

Plaintiffs additionally request that the Court require that Defendants post the Notice on Defendants' premises and that Defendants provide the names and last known addresses for all potential opt-in plaintiffs. "First class mail is ordinarily sufficient to notify class members who have been identified." *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492–93 (E.D. Cal. 2006). In certain instances, courts have also required that a defendant post notice of a collective action on its premises, particularly when there is some risk that a potential plaintiff may not receive notice. *Id.* Although Plaintiffs

---

[8] Because Plaintiffs fail to establish that the class is of a sufficient size, the Court does not reach Plaintiffs' arguments as to the remaining Rule 23 factors.

- 9 -

request that the Court order both forms of notice, they make no showing, nor argue, that mailing alone would be insufficient. The Court thus will only require that Defendants produce the names and last known addresses of drivers employed by Rosati's on or after May 24, 2014, which Plaintiffs may then use to effectuate mailing of the Notice and Consent forms.

IT IS THEREFORE ORDERED granting in part and denying in part Plaintiffs' Motion to Proceed Conditionally as a Collective and Class Action (Doc. 26).

IT IS FURTHER ORDERED conditionally certifying a collective action, pursuant to 29 U.S.C. 216(b), of all delivery drivers employed by Rosati's on or after May 24, 2014.

IT IS FURTHER ORDERED denying Plaintiff's request to certify a class pursuant to Federal Rule of Civil Procedure 23.

IT IS FURTHER ORDERED that Plaintiffs shall submit a revised proposed Notice and Consent form to the Court no later than October 5, 2018. The final Notice to potential plaintiffs and consent to become party plaintiff should be mailed no later than 14 days after the Court issues final authorization of the Proposed Notice.

IT IS FURTHER ORDERED that Defendants shall provide Plaintiffs with the names and addresses of all delivery drivers who worked at Rosati's on or after May 24, 2014 no later than September 28, 2018.

Dated this 11th day of September, 2018.

Honorable John J. Tuchi
United States District Judge