**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert P. Cottman, et al., | No. CV-17-02045-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| David G. Naskrent, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Leave to File Late the Revised Consent Form and Opt-In Notice (Doc. 63). For the following reasons, the Court grants the motion.

## BACKGROUND

The background facts of this civil action under the Fair Labor Standards Act are described in broad strokes in the Court's Order conditionally certifying a collective action, pursuant to 29 U.S.C. 216(b), of all delivery drivers employed by Rosati's Pizza ("Rosati's") on or after May 24, 2014. (Doc. 57.) The Court found that Plaintiffs "submitted declarations . . . that aver that Defendants did not pay an hourly salary but instead paid drivers cash per pizza delivered, often resulting in a salary below minimum wage," that the "policy applied to every delivery driver employed by Rosatti's," and that the affidavits submitted by Defendants "do not actually serve to rebut the bulk of Plaintiffs' allegations." (*Id.* at 5.) The Court further found that Plaintiffs introduced sufficient evidence "to support the allegation that Defendants failed to compensate drivers for

overtime hours worked." (*Id.*) The Court therefore concluded that "there is sufficient evidence in the record to conclude that Plaintiffs and potential opt-in plaintiffs were victims of a single decision, plan, or policy," such that it was appropriate to certify an FLSA collective action. (*Id.* at 6 (internal quotation marks omitted).) However, the Court determined that the applicable statute of limitations narrowed the group of similarly situated employees proposed by Plaintiffs—who sought a collective action for "all current and former delivery drivers of Defendants who worked at any point from January 1, 2007 through the present date" (Doc. 26 at 2; *id.* at Ex. E)—to only those drivers employed by Rosati's on or after May 24, 2014. (Doc. 57 at 6-7.)

The Court noted that Plaintiffs had attached a proposed Notice of Opportunity to Opt-In to Lawsuit ("Notice") and an Opt-In Consent Form ("Consent") to their Motion to Certify. (Doc. 57 at 9 (citing Doc. 26 at Ex. E, F).) Although Defendants had not objected to the contents of these forms, the Court ordered Plaintiffs to "submit a revised proposed Notice and Consent form to the Court no later than October 5, 2018" to incorporate the substance of the Court's Order, adding that "[t]he final Notice to potential plaintiffs and consent to become party plaintiff should be mailed no later than 14 days after the Court issues final authorization of the Proposed Notice." (*Id.* at 10.)

So far, so good. Unfortunately, Plaintiffs failed to submit their revised proposed Notice and Consent by the October 5, 2018 deadline. The parties do not dispute that on October 25, 2018, Plaintiffs' counsel telephoned Defendants' counsel to explain that Plaintiffs' counsel had made some kind of mistake causing the deadline to lapse unheeded and to request a stipulation to file the revised forms, and that Defendants' counsel refused the request. (Doc. 66 at 2-3.) The following day, on October 26, 2018, Plaintiffs' counsel filed the Motion presently before the Court, attributing the missed deadline to "a clerical error," as the deadline had been "inadvertently calendered [sic] as October 25 rather than October 5," and taking "personal responsibility for the oversight of the deadline." (Doc. 63 at 2.) Defendants filed a Response opposing the Motion on November 9, 2018 (Doc. 66), and Plaintiffs filed a Reply on November 16, 2018 (Doc. 67).

## DISCUSSION

### I. Legal Standard

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court has explained that "excusable neglect," in this context, can encompass mistakes and carelessness: "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).[1]

Whether the neglect is "excusable" is a flexible standard, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. At a minimum, courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* Failure to consider all four factors constitutes an abuse of discretion. *Lemoge v. United States*, 587 F.3d 1188, 1192-93 (9th Cir. 2009). No single factor is determinative. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997).

When assessing whether a failure to act was caused by "excusable neglect," a court may not impose per se rules. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) ("We now hold that per se rules are not consistent with *Pioneer* . . . ."). There can be "no rigid

---

[1] Although *Pioneer* addressed the meaning of the phrase "excusable neglect" as it appears in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the Court specifically noted that Rule 9006(b)(1) "was patterned after" Rule 6(b) of the Federal Rules of Civil Procedure. 507 U.S. at 391. The Ninth Circuit subsequently confirmed that the *Pioneer* test applies in the context of Rule 6(b), as well as Rule 60(b) of the Federal Rules of Civil Procedure and Rule 4(a)(5) of the Federal Rules of Appellate Procedure. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997).

legal rule against late filings attributable to any particular type of negligence." *Id.* at 860 (affirming that a paralegal's calendaring error was "excusable negligence."). Even when the reason for the delay is weak, where the equities favor excusing the negligence, the court must do so. *Bateman*, 231 F.3d at 1224-25 (reason for delay was travel, jet lag, and the time it took to sort through mail).

Once a district court has considered and weighed all four *Pioneer* factors, and any other factors it deems appropriate on a case-by-case basis, the court has broad discretion to grant or deny the motion. *Pincay*, 389 F.3d at 859 ("[T]he decision whether to grant or deny an extension of time . . . should be entrusted to the discretion of the district court because the district court is in [the best position] to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . , and the likelihood of injustice if the appeal was not allowed.").

**II. Analysis**

The Court first considers the danger of prejudice to Defendants. This factor weighs strongly in favor of Plaintiffs because Defendants suffered no prejudice under the circumstances. Plaintiffs originally filed proposed Notice and Consent forms in November 2017 (*see* Doc. 26-1) and the Court spelled out, in its September 11, 2018 Order, the narrow revisions that needed to be made before Plaintiffs were to refile them (*see* Doc. 57). Thus, Defendants knew exactly what the revised filings would contain. Defendants cannot claim to have altered their strategy in any way due to the delay. *Lemoge*, 587 F.3d at 1196 ("The [non-movant] does not indicate how it would have changed its strategy . . . , or that a different strategy would have benefitted [it]."). The only prejudice Defendants can claim is the loss of a "quick but unmerited victory, the loss of which [the courts] do not consider prejudicial." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010); *see also M.D. by and through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016) (same).

The next *Pioneer* factor is the length of the delay. The length of the delay caused

by Plaintiffs was 20 days—14 of which Plaintiffs offered to cure by mailing the Notice and Consent immediately upon receiving authorization from the Court, rather than using the two-week grace period provided by the Court's September 11, 2018 Order. (Doc. 63 at 3.) Had Defendants stipulated to the late filing, the progress of the action would have been delayed only one week. The ultimate delay of over a month (from October 25 to the date of this Order) was caused by Defendants' refusal to stipulate to the late filing, which necessitated weeks of briefing followed by a period time for the Court to read the briefs, research the law, and rule on the pending motion. *Newport-Mesa*, 840 F.3d at 643 ("If anything, it was the [non-movant's] eagerness for a 'gotcha' victory that has kept the case from advancing on the merits."). In any event, regardless of whether the delay is deemed to be a week or a month, it falls within the range of delays that courts have been willing to excuse. *See, e.g.*, *Ahanchian*, 624 F.3d at 1255 (counsel filed three days late, due to a calendaring mistake and computer problems); *Los Altos El Granada Inv'rs v. City of Capitola*, 583 F.3d 674, 682–83 (9th Cir. 2009) (delay of "only twelve days" supports a finding of excusable neglect); *Pincay*, 389 F.3d at 855 (counsel filed 24 days late, due to a calendaring mistake caused by a paralegal misapplying a clear legal rule).

The third *Pioneer* factor is the reason for the delay. The reason here was a simple clerical error—the Court's Order set the deadline as October 5, 2018, but a paralegal calendared it as October 25, 2018. The Ninth Circuit has held that calendaring errors can constitute excusable neglect. *Ahanchian*, 624 F.3d at 1255 (district court abused its discretion by denying motion to accept late-filed brief where tardiness was caused by calendaring error); *Pincay*, 389 F.3d at 854–55 (affirming district court decision to accept late filing due to a paralegal's calendaring error); *Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016) ("[W]here other factors counsel relief, a calendaring mistake and related failure to catch that mistake is no bar to . . . relief."). Certainly, a pattern of missed deadlines caused by calendaring errors would be a greater cause for concern, as would the absence of any reliable calendaring system whatsoever. *Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (neglect not excusable where it was "systemic (as evidenced by the fact

1  that it happened more than once)" and where there was no effective system in place). Here,
2  however, there is no pattern of negligence. The Court recognizes that people make
3  mistakes—even the most competent professionals are likely to make a simple clerical error
4  at some point in their careers. The Court finds that the simple calendaring error here does
5  not weigh strongly for or against granting the motion for leave to file late, as it falls
6  somewhere in the middle of the spectrum of least-compelling to most-compelling reasons.
7  *See Newport-Mesa*, 840 F.3d at 643 ("This is not a case where counsel's neglect is so
8  egregious that it outweighs the remaining three factors.").

The final *Pioneer* factor is whether the movant acted in good faith. The Court cannot conceive of any possible practical advantage Plaintiffs could have hoped to gain in bad faith by missing the deadline to file the revised proposed Notice and Consent. As noted, Plaintiffs first filed these forms over a year ago, in November 2017, and the minor revisions required by the Court's September 11, 2018 Order were known and understood by Defendants. Moreover, Plaintiffs had nothing to gain by waiting to provide notice to, and solicit the consent of, potential plaintiffs. Not only is there no evidence of bad faith, there is not even any imaginable bad-faith motive here. The calendaring mistake "resulted from negligence and carelessness, not from deviousness or willfulness." *Lemoge*, 587 F.3d at 1197.

In sum, the Court finds that the lack of prejudice to Defendants and the fact that Plaintiffs erred in good faith weigh strongly in favor of granting the motion, and the length of the delay and reason for the delay are either neutral or weigh weakly in favor of granting the motion. No factors weigh against granting the motion. The Court therefore grants the motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Late the Revised Consent Form and Opt-In Notice (Doc. 63) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court approves the contents of the revised proposed Consent and Notice attached as Exhibits 1 and 2 of Plaintiffs' Motion, except that the Notice should be amended to reflect that the action is now pending before Judge

Dominic W. Lanza and to remove the judicial signature line.[2]  This approval constitutes final authorization of the revised proposed Consent and Notice.

**IT IS FURTHER ORDERED** that, notwithstanding that the Court has already approved the revised proposed Consent and Notice, Plaintiffs shall file the revised proposed Consent and Notice by December 4, 2018.  (Please make sure to calendar this deadline correctly this time.)

**IT IS FURTHER ORDERED** that Plaintiffs shall mail the Consent and Notice to potential plaintiffs by December 4, 2018.

Dated this 30th day of November, 2018.

Dominic W. Lanza
United States District Judge

---

[2] *See Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581–82 (7th Cir. 1982) (holding that it is improper for a notice from plaintiffs' counsel to actual or potential plaintiffs to bear a judicial signature or any other judicial imprimatur); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Collective Actions Under the Fair Labor Standards Act*, 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.).